**SHAN YU CHEN, Xiang Zhu, Petitioners,**

v.

**Peter D. KEISLER[1], Respondent.**

**No. 07–1466–ag.**

United States Court of Appeals, Second Circuit.

Oct. 12, 2007.

---

[1]. Pursuant to Appellate Fed. R.App. P. 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Michael Brown, New York, NY, for Petitioners.

Peter D. Keisler, Acting U.S. Attorney General, Greg D. Mack, Senior Litigation Counsel, Annette J. Clark, Of Counsel, U.S. Dept. of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Petitioners Shan Yu Chen and Xiang Zhu, both natives and citizens of China, seek review of a March 23, 2007 order of the BIA affirming the July 25, 2005 decision of Immigration Judge ("IJ") Paul De-Fonzo, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shan Yu Chen, Xiang Zhu,* Nos. A72 373 616, A76 246 170 (B.I.A. Mar. 23, 2007), *aff'g* Nos. A72 373 616, A76 246 170 (Immig. Ct. N.Y. City July 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). However, when the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA's

decision. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA found it unnecessary to address the IJ's adverse credibility determination and instead rested its decision on petitioners' failure to meet their burden of proof. Thus, we will review the IJ's decision as supplemented by the BIA but will not address the IJ's adverse credibility determination. *See Yu Yin Yang*, 431 F.3d at 85; *Xue Hong Yang*, 426 F.3d at 522.

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), overruled in part on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc).

■ Here, substantial evidence supports the agency's finding that the incidents about which Chen testified did not amount to past persecution. Chen alleged that he had been forced to pay bribes to Chinese transportation officials. He further testified that he lodged complaints with the government regarding the alleged extortion. However, Chen made no claim that the government retaliated against him in any way for lodging these complaints.

Chen further testified that he was detained for a day for voicing his opinions about the pro-democracy movement. However, he did not allege that he was mistreated in any way during his one-day detention, and it is well-established that brief periods of detention, on their own, do not rise to the level of persecution. *See Joaquin–Porras v. Gonzales*, 435 F.3d 172, 181–82 (2d Cir.2006).

Moreover, Chen's due process claim is meritless. The record shows that Chen received a "full and fair opportunity to present [his] claims" alleging past persecution in China. *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104 (2d Cir.2006)

■ The agency's determination that Chen and Zhu did not have a well-founded fear of future persecution based upon the birth of their child in the United States is also supported by substantial evidence. In support of their argument that their fear of sterilization upon return to China is objectively reasonable, Chen and Zhu rely heavily upon the documents submitted by the petitioner in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006). However, this reliance is misplaced. The *Shou Yung Guo* documents are not material to Chen and Zhu's claims because Chen and Zhu have only one child. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 265 (2d Cir.2007).

Because Chen and Zhu were unable to show the objective likelihood of persecution needed to make out an asylum claim, they were necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Moreover, because Chen and Zhu failed to exhaust their CAT claim before the BIA, we lack jurisdiction to review it and dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(d); *Theodoropoulos v. INS*, 358 F.3d 162, 165–69, 174 (2d Cir.2004) (finding that where exhaustion is required, a court must dismiss any unexhausted claim for lack of jurisdiction).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.